UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Emma Fairweather, Plaintiff, v. Reed Illinois Corporation, Defendant. | Case No. 1:21-cv-04936 Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Emma Fairweather sued Reed Illinois Corporation D/B/A/ Reed Construction for race discrimination and retaliation under 42 U.S.C. § 1981, the Equal Pay Act of 1963, and the Illinois Equal Pay Act. [1]. Subsequently, Reed counterclaimed against Fairweather, alleging that Fairweather violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (CFAA), breached her fiduciary duty, and breached her confidentiality agreement with the company. [15]. Fairweather has moved to dismiss Reed's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). [16]. For the reasons explained below, this Court denies Fairweather's motion.

**I. Background**

This Court accepts as true the following facts from the Reed's counterclaims [15]. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Fairweather first began working for Reed as a field coordinator in January 2012. [15] ¶ 7. In June 2017, Reed promoted Fairweather to the position of Human Resource Manager. *Id.* ¶ 9. In that role, Fairweather managed Reed's policies and

procedures regarding discrimination, harassment, and retaliation. *Id*. In addition, Fairweather supervised Jesse Anaya, Reed's IT Manager. *Id*. As managers, both Fairweather and Anaya entered into confidentiality agreements with Reed. *Id*. ¶ 14.

> Those confidentiality agreements provide:
>
> a. Confidential Information is the exclusive property of Reed.
>
> b. Except with the written consent of your immediate supervisor or Reed's President/CEO, you will not directly or indirectly disclose Confidential Information to anyone outside Reed or use Confidential Information for your own benefit or for the benefit of anyone other than Reed.
>
> c. You will use all passwords and access codes provided by Reed solely to perform your job responsibilities for and on behalf of Reed and will not disclose any such passwords or access codes to anyone, including, but not limited to, other individuals employed or engaged by Reed.
>
> d. Except as necessary to perform your job responsibilities for and on behalf of Reed, you will not copy or distribute any Confidential Information without first obtaining the express, written consent of your immediate supervisor or Reed's President/CEO.

*Id*. ¶ 15.

On April 13, 2021, Fairweather resigned from her Human Resources Manager position. *Id*. ¶ 9. When she resigned, Fairweather identified a number of workplace concerns, some of which were related to discrimination. *Id*.

The next day, Reed restricted Fairweather's access to its systems after receiving "alerts of unusual computer activity" by Fairweather during the hours of 1:00 a.m. and 3:00 a.m. *Id*. ¶ 10. The next day, April 14, 2021, Reed's President and COO, Bryan Krueger, informed Anaya of Fairweather's resignation and that Ashley Polino would serve as his new supervisor. *Id*. ¶ 11. Reed's CFO, Bill Birck, told Anaya about Reed's plans to investigate Fairweather's workplace concerns. *Id.*

2

On April 21, 2021, Polino informed Anaya that investigators would be at Reed Construction the next day to investigate Fairweather's workplace concerns. *Id.* ¶ 20. According to Reed, Anaya purposely avoided the investigators by not coming into the office the next day. *Id.* At approximately 4:30 p.m. on April 22, Reed locked Anaya out of its information technology system after learning from investigators that Anaya had forwarded confidential company information to himself and/or to Fairweather without approval and had tampered with Reed's software system and deleted data. *Id.* ¶ 21. According to Reed, Anaya gave himself access to and had been reading the emails of certain members of Reed's senior leadership team, including confidential and privileged communications with its outside counsel. *Id.* ¶ 23. Anaya additionally deleted thousands of screenshots from Reed's software program to obscure other illegal and/or unauthorized conduct. *Id.* Reed claims, on information and belief, that Anaya took these actions "with knowledge and agreement from Fairweather to benefit both of them." *Id.*

As a result of Anaya's conduct, Reed hired a forensic investigator to trace and restore its missing passwords to access its business records and to recover deleted IT information; this cost Reed more than $5,000.00. *Id.* ¶ 28. During the forensic investigation, the investigators found that, in addition to Anaya's tampering with and destruction of company information, Anaya also concealed the fact that he failed to install a recommended patch to prevent a ransomware attack, to which the company fell prey in mid-March. *Id.* ¶ 29. The attack compromised Reed's computer system for a week and led to a complete shut down for two days. *Id.* Reed claims, on information

3

and belief, that Fairweather knew about Anaya's deception but failed to disclose this to Reed's executive leadership. *Id.* On April 23, 2021, Reed terminated Anaya's employment. *Id.* ¶ 12.

Reed brings three counterclaims against Fairweather for: (1) violations of the CFAA; (2) breach of fiduciary duty; and (3) breach of contract. *Id.* ¶¶ 32–51.

## II. Legal Standard

A motion to dismiss tests the sufficiency of a counterclaim, not the merits of the case. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), the counterclaim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the pleading party's favor. *Degroot v. Client Servs., Inc.*, 977 F.3d 656, 659 (7th Cir. 2020).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586–87 (7th Cir.

2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

## III. Analysis

Fairweather has moved to dismiss all three of Reed's counterclaims, arguing that Reed has not pled them with sufficient factual detail. [16]. This Court considers each counterclaim in order below.

### A. Count I: Computer Fraud and Abuse Act

First, Fairweather argues that Reed has failed to plead sufficient factual content to state a plausible CFAA claim. [16-1] at 9–10. The CFAA imposes criminal liability on anyone who "intentionally accesses a computer without authorization or exceeds authorized access." *Van Buren v. United States*, 141 S. Ct. 1648, 1649 (2021) (quoting 18 U.S.C. §1030(a)(2)). While "primarily a criminal anti-hacking statute," the CFAA also contains a civil enforcement provision providing a private right of action. *Fidlar Techs. v. LPS Real Est. Data Sols., Inc.*, 810 F.3d 1075, 1079 (7th Cir. 2016).

Here, Reed alleges that Fairweather violated CFAA Section 1030(a)(2)(C), which imposes liability on anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer." [15] ¶ 34. Reed also alleges that Fairweather violated Section 1030(a)(4), which prohibits someone who, "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized

5

access, and by means of such conduct furthers the intended fraud and obtains anything of value." [15] ¶ 35.

In moving to dismiss, Fairweather argues that Reed has failed to plausibly allege that Fairweather had unauthorized access or exceeded her access to Reed's information under Sections 1030(a)(2)(C) and 1030(a)(4) because Reed has not detailed what areas of the computer were "off limits" to Fairweather. [16-1] at 9–10. Fairweather relies on *Van Buren v. United States*, where the Supreme Court resolved a circuit split concerning the scope of liability under the CFAA's "exceeds authorized access" clause. 141 S. Ct. at 1654. The Court held that an individual "exceeds authorized access" when he or she accesses a computer with authorization but then obtains information "located in particular areas of the computer—such as files, folders, or databases—that are off limits to" him or her. *Id.* at 1662.

This Court finds that the counterclaims contain sufficient detail about what areas of Reed's computer systems were "off limits" to Fairweather. Reed has alleged that, through Anaya, Fairweather gained unauthorized access to company emails, including confidential and privileged communications with Reed's outside counsel, and to other confidential company information. [15] ¶¶ 19, 23, 35. Taking these allegations as true, Reed has identified the areas of the computer "off limits" to Fairweather—certain email accounts and other confidential company information. For pleading purposes, this states a plausible CFAA claim. Reed need not plead with more specificity at this stage. *See, e.g.*, *Potbelly Sandwich Works, LLC v. Grason*, No. 19 C 4613, 2020 WL 4748151, at *6 (N.D. Ill. Aug. 17, 2020) (denying motion to

dismiss a Section 1030(a)(2)(C) violation where the plaintiff alleged that the defendant gained "unauthorized access to Potbelly's computer systems, including hacking into emails" of employees and officers). This Court therefore denies Fairweather's motion to dismiss Reed's CFAA counterclaim.

B.   **Count II: Breach of Fiduciary Duty**

Next, Fairweather argues that Reed has failed allege enough facts to state a plausible breach of fiduciary duty claim. To state such a claim, a plaintiff must allege: (1) a fiduciary duty; (2) defendant's breach; and (3) damages proximately resulting from the breach. *Alonso v. Weiss,* 932 F.3d 995, 1001 (7th Cir. 2019); *Coast to Coast Claim Servs., Inc. v. Yagelski,* No. 21 C 4641, 2022 WL 1422627, at *2 (N.D. Ill. May 5, 2022). Fairweather does not dispute that she owed a fiduciary duty to Reed; instead, she argues that Reed has not alleged sufficient facts regarding the element of breach. [16-1] at 11.

This Court again disagrees. Reed alleges that Fairweather breached her duty when she exploited her position as HR manager to benefit her and Anaya personally; conspired with Anaya to cause damage to Reed by accessing protected information and emails without legitimate business reasons; concealed their illegal conduct; and failed to protect the privacy of all of Reed's employees. [15] ¶¶ 44–46. These allegations that Fairweather misappropriated Reed's confidential information, concealed this improper conduct, and intruded on the privacy of her colleagues is sufficient to state a plausible breach of fiduciary duty claim. *See, e.g.*, *McLaughlin v. Chi. Transit Auth.*, 243 F. Supp. 2d 778, 779 (N.D. Ill. 2003) (denying motion to

dismiss breach of fiduciary duty claim where the counterclaim alleged that the counter-defendant deliberately violated the counter-plaintiffs' code of ethics by reading, copying, and removing other employees' confidential files). Although Fairweather argues that Reed's allegations are too "conclusory," [16-1] at 11, federal pleading standards do not require Reed to plead with more specificity, *see DeLeon v. Beneficial Const. Co.*, 55 F. Supp. 2d 819, 827 (N.D. Ill. 1999) ("Although Illinois common law requires that a claim for breach of fiduciary duty be plead with particularity, this claim is brought in federal court and as a result plaintiff need only meet the federal notice pleading standard by making the minimal allegations necessary to give defendant notice of the charge against him.").

This Court therefore also denies Fairweather's motion to dismiss Reed's breach of fiduciary duty claim in Count II.

### C. Count III: Breach of Contract

This Court similarly rejects Fairweather's attempt to dismiss Reed's breach of contract claim. Under Illinois law, a breach of contract claim requires a plaintiff to plead four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019).

Like the claims above, Fairweather argues that Reed has failed to allege sufficient facts to state a cognizable breach under Illinois law. [16-1] at 13–14. Again, not so. Reed has alleged that Fairweather breached her confidentiality agreement by

8

utilizing confidential access codes and passwords to obtain information for her own personal and financial gain; by allegedly copying and sending to Anaya or third parties, confidential information that had not been shared with them in the normal course of business; and by destroying or arranging for the destruction of confidential information from company email accounts, on company devices, equipment on Reed's cloud-based storage. [15] ¶ 50. According to the counterclaims, Reed's confidentiality agreement prohibits an employee from disclosing confidential information without written consent of their immediate supervisor and from disclosing passwords and access codes to anyone including coworkers. *Id*. ¶ 15. These allegations plausibly state a breach of Fairweather's contract with Reed, and therefore survive Fairweather's motion to dismiss. *See Arora v. Kharat*, No. 3:20-CV-50387, 2022 WL 1607484, at *4 (N.D. Ill. May 20, 2022) (observing that plaintiffs "need only allege facts sufficient to raise the plausible inference that [the defendant] is liable for breach of contract").

## IV. Conclusion

For the reasons explained above, this Court denies Fairweather's motion to dismiss [16].

Dated: June 15, 2022

Entered:

*Mary M Rowland*

_____

Mary M. Rowland
United States District Judge